Alexandra O. Caval, ISB#7999
Caval Law Office, P.C.
P.O. Box 1716
Twin Falls, ID 83301
T: 208.733.2035
F: 208.733.3919
alex@cavallawoffice.com

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF IDAHO

| IN RE: | CHAPTER 13 |
|---|---|
| ANDREW RICARDO GUERRERO, | CASE NO. 24-40612-NGH |
| Debtors. | OBJECTION TO PROOF OF CLAIM |

**Notice of Objection to Creditor's Proof of Claim and Opportunity to Object and for a Hearing**

**No Objection.** The Court may consider this request for an order without further notice or hearing unless a party in interest files an objection within thirty [30] days of the date of service of this notice.

If an objection is not filed within the time permitted, the Court may consider that there is no opposition to the granting of the requested relief and may grant the relief without further notice or hearing.

**Objection.** Any objection shall set out the legal and/or factual basis for the objection. A copy of the objection shall be served on the movant.

**Hearing on Objection.** The objecting party shall also contact the court's calendar clerk to schedule a hearing on the objection and file a separate notice of hearing.

TO:    MATCO TOOLS
       4403 Allen Rd
       Stow, OH 44224

**YOU ARE HEREBY NOTIFIED** that the Debtor in this case object to the allowance of the secured portion of your Claim No. **4** which you filed on **November 8, 2024** and in this bankruptcy case.

## **OBJECTION**

On November 8, 2024, creditor Matco Tools filed a bifurcated proof if claim in the amount of $7,332.40 with the $1,993.57 as secured and the remaining $5,398.83 as a general unsecured claim. The creditor asserts it has a security interest in tools worth $1,993.57. The Debtor objects to the allowance the secured portion in the amount of $1,993.57. The Debtor no longer has the tools that the creditor asserts a security interest in. The bulk of the were in a vehicle that was repossessed by a car lender in Arizona.

The Debtor asserts that no portion of Matco's claim is secured by property of the estate pursuant to 11 U.S.C. §506 because the Debtor does not have the tools; rather the creditor's claim is wholly unsecured.

WHEREFORE the Debtor respectfully requests that the secured portion of Claim No. 4 in the amount of $1,993.57 should be disallowed and the entire claim in the amount of $7,332.57 should be allowed as an unsecured claim pursuant to 11 U.S.C. §506.

DATED: December 12, 2024

       /s/ *Alexandra O. Caval*
       **Alexandra O. Caval, Attorney for the Debtor**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 12, 2024, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic filing:

Office of the U.S. Trustee  
ustp.region18.bs.ecf@usdoj.gov

Kathleen McCallister  
kam@kam13trustee.com

**AND I FUTHER CERTIFY** that on such date I served the foregoing on the following non-CM/ECF Registered Participants in the manner indicated:

Via First Class mail, postage prepaid addressed as follows:

MATCO TOOLS  
4403 Allen Rd  
Stow, OH 44224

Matco Tools  
c/o: Corp. Service Co., it's Registered Agent  
1305 12th Ave Rd  
Nampa, ID 83686

Matco Tools  
Attn: Timothy J. Gilmore, President  
4403 Allen Road  
Stow, OH 44224

/s/ *Alexandra O. Caval*  
**Alexandra O. Caval, Attorney for the Debtor**